NIMA GHARAVI
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Requestor *Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DMCA SECTION 512(h) SUBPOENA TO X CORP. | Case No.: 3:25-mc-80056-LB<br><br>**REVISED REQUEST FOR ISSUANCE OF SUBPOENA PURSUANT TO 17 U.S.C. § 512(h) TO IDENTIFY ALLEGED COPYRIGHT INFRINGER(S)** |

**Factual Background**

On March 7, 2025, the Northern District of California issued a DMCA subpoena in response to Requestor's initial filing. A third party served the subpoena upon X Corp.'s registered agent CT Corporation System via hand-delivery on March 10, 2025, with a production deadline of March 31, 2025. In addition to this formal service, Requestor sent X Corp.'s outside counsel courtesy copies of the subpoena and all supporting documents via email also on March 10, 2025. (Gharavi Decl., Ex. 6, ¶¶ 6-8)

On March 21, 2025, outside counsel for X Corp. requested an extension to April 7, 2025, which Requestor granted, as well as a meet and confer via Zoom, which occurred on March 27, 2025. During this call, X Corp.'s counsel sought to determine whether the subpoena was issued in good faith for legitimate copyright enforcement purposes rather than for improper motives, as they had encountered in prior cases. (Gharavi Decl., Ex. 6, ¶¶ 9-10)

Following this initial discussion, on March 28, 2025, X Corp.'s counsel requested a second call on April 2, 2025. During this follow-up call, counsel for X Corp. implied that compliance with the subpoena was conditioned on Requestor amending the filing to include additional language addressing First Amendment concerns related to unmasking anonymous users. X Corp.'s counsel shared a revised filing from another case as an example of the language they required. *Compare In Re 17 U.S.C. § 512(h) Subpoena to X CORP.*, 3:24-mc-80162-LB, at Dkt. 1 (N.D. Cal. Jun. 28, 2024) (original filing

without First Amendment language) *with In Re 17 U.S.C. § 512(h) Subpoena to X CORP.*, 3:24-mc-80326-LB, at Dkt. 1 (N.D. Cal. Dec. 30, 2024) ("*Starto Entertainment, Inc."*) (revised filing containing four pages of First Amendment language that X Corp. implied was required for compliance). (Gharavi Decl., Ex. 6, ¶¶ 11-13; Ex. 7, Ex. 8)

Requestor now submits this revised request to address the First Amendment concerns raised by X Corp. while correcting certain citation and quotation errors present in the example provided.

**Request for Subpoena**

Requestor Nima Gharavi ("Requestor") respectfully requests that the Clerk of this Court issue a subpoena pursuant to 17 U.S.C. § 512(h) to X Corp. ("Service Provider") for the purpose of identifying one or more alleged infringers of Requestor's copyrights. In support of this Request, Requestor states as follows:

1. **Requestor's Copyright Ownership**: Requestor is the exclusive owner of the copyrights in the motion pictures (the "Work") allegedly infringed. (Gharavi Decl., Ex. 6, ¶ 1)

2. **Alleged Infringement**: Requestor has discovered that one or more individuals using Service Provider's platform have allegedly infringed Requestor's exclusive rights, including but not limited to, the right to reproduce pursuant to 17 U.S.C. § 106(1), by publishing one or more unauthorized reproductions copied from the Work to which Requestor retains exclusive copyrights. (Gharavi Decl., Ex. 6, ¶ 2)

3. **Notification Sent to Service Provider**: Requestor sent one or more notifications to Service Provider in compliance with 17 U.S.C. § 512(c)(3)(A), requesting the removal of the infringing material, attached as Exhibit 4. (Gharavi Decl., Ex. 6, ¶ 3)

4. **Purpose of Subpoena**: The purpose of this subpoena is to obtain information sufficient to identify the alleged infringers. *See In re DMCA Subpoena to eBay, Inc.*, No. 15-CV-922-BEN-MDD, 2015 WL 3555270, at *4 (S.D. Cal. June 5, 2015) (holding a DMCA subpoena issued on April 2, 2015, valid and enforceable for production of "the name, last known address, last known telephone number, any electronic mail addresses associated with each account from January 1, 2012, to the date of the subpoena and any logs of Internet Protocol addresses used to access the subject accounts" during the same period).

5. **Compliance with Statutory Requirements**: Pursuant to 17 U.S.C. § 512(h)(2), Requestor has submitted:
   - A copy of the notification(s) sent to Service Provider (Exhibit 4);
   - A proposed subpoena (Exhibit 5); and
   - A sworn declaration confirming that the subpoena is sought solely for the purpose of protecting Requestor's rights under Title 17 (Exhibit 6).

**Argument**

Section 512(h) of the DMCA identifies the statutory requirements for a party to request issuance of a subpoena to obtain information from a service provider for identification of copyright infringers. When First Amendment concerns arise that may be implicated in some DMCA Section 512(h) subpoenas, they are typically raised in a motion to quash. Here, in an effort to preserve court resources, litigation costs, and avoid the delays associated with a motion to quash, Requestor provides the following additional context in support of its request for a subpoena.

**Statutory Requirements for a DMCA Subpoena to Issue Are Met**

Section 512(h) of the DMCA reads, in part: "A copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer . . . ." 17 U.S.C. § 512(h)(1). Along with a proposed subpoena and one or more DMCA takedown notices, the requesting party must submit "a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title." 17 U.S.C. § 512(h)(2).

Here, through its submitted sworn declaration and documentary evidence, Requestor has complied with the statutory requirements under 17 U.S.C. § 512(h) for the issuance of a subpoena. (Gharavi Decl., Ex. 6, ¶¶ 1-5, 16-17)

**First Amendment Protections Do Not Prevent Issuance of the Subpoena**

Some courts and parties take the view that unmasking the identities of anonymous speakers on the internet requires additional steps not identified in the DMCA to adequately protect users' free speech rights under the First Amendment. *See, e.g., In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 876-79 (N.D. Cal. Jun., 21, 2022) ("*Bayside*").

Free speech protections under the First Amendment extend to anonymous speech on the Internet. *See Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 870 (1997). While the right to speak anonymously is not absolute, First Amendment safeguards may apply when a litigant seeks to unmask an anonymous speaker on the Internet in alleged efforts to pursue claims against that person. *Bayside*, 608 F. Supp. 3d at 876-79; *Baugher v. GoDaddy.com LLC*, 2021 WL 4942658, at *2-3 (D. Ariz. Oct. 22, 2021).

While the First Amendment may not ultimately protect the speech at issue, some courts have elected to conduct a First Amendment analysis in the unmasking process when the speaker or the nonparty subpoena recipient raised First Amendment concerns in either motions to quash or responses to motions to compel.

Conversely, other courts in this District and elsewhere have elected not to treat First Amendment analysis as a threshold question to the unmasking when an individual effectively uses their privacy interest to operate anonymously on the Internet to hide copyright infringement. *Strike 3 Holdings, LLC v. Doe*, 2018 WL 10604533, at *2 (N.D.

Cal. Sept. 14, 2018). This is because, "to the extent that anonymity is used to mask copyright infringement . . . it is unprotected by the First Amendment." *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010).

At least one court has held that, for a DMCA subpoena to be used to unmask an anonymous speaker on the Internet consistent with First Amendment safeguards, a two-step inquiry must be undertaken regardless of whether the speech is commercial or non-commercial. *See Bayside*, 608 F. Supp. 3d at 876 ("First, the party seeking the disclosure must demonstrate a prima facie case on the merits of its underlying claim."). This is a higher standard than assessing merely whether a party has adequately pleaded its claims. *In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp. Dated July 23, 2020*, 337 F.R.D. 639, 649 (N.D. Cal. 2020).

Second, the court balances "the need for the discovery against the First Amendment interest at stake." *Bayside*, 608 F. Supp. 3d at 876; *Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 982 (N.D. Cal. 2015) (withdrawing prior order because the speaker's First Amendment rights outweighed plaintiffs' need for the requested information).

In that balancing inquiry, Courts consider four factors: whether "(1) the subpoena seeking the information was issued in good faith and not for any improper purpose, (2) the information sought relates to a core claim or defense, (3) the identifying information is directly and materially relevant to that claim or defense, and (4) information sufficient

to establish or to disprove that claim or defense is unavailable from any other source." *Castro v. Doe*, No. 23-MC-80198-TSH, 2023 WL 9232964, at *5 (N.D. Cal. Oct. 12, 2023) (quoting *Rich v. Butowsky*, No. 20-MC-80081-DMR, 2020 WL 5910069, at *3–4 (N.D. Cal. Oct. 6, 2020)).

This applies regardless of whether the party seeking disclosure has served a third-party subpoena under Fed. R. Civ. P. 45 or a subpoena under the DMCA. *See Bayside*, 608 F. Supp. 3d at 877-83; *Baugher*, 2021 WL 4942658, at *2-3; *In re Subpoena to Reddit, Inc.*, 2024 WL 477519, at *2-3 (N.D. Cal. Feb. 7, 2024). It applies even in the context of allegedly commercial speech. *Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 985 (N.D. Cal. 2015).

Here, Requestor has satisfied both aspects of this two-part test and is entitled to issuance of a subpoena that would unmask the subject anonymous users. (Gharavi Decl., Ex. 6, ¶¶ 14-20)

Requestor has demonstrated a prima facie case of copyright infringement. Requestor is the copyright owner of the original works that were copied by the X Corp. accountholders at issue in the requested subpoena. This fact is uncontested. (Gharavi Decl., Ex. 6, ¶¶ 1, 20) Requestor has also demonstrated that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. (Gharavi Decl., Ex. 6, ¶¶ 2-3; Ex. 4)

Likewise, Requestor can demonstrate that its need for the subpoenaed information outweighs any First Amendment interests. All four factors weigh in favor of granting the subpoena: (1) the subpoena is sought in good faith, i.e., to pursue copyright claims against the infringers (Gharavi Decl., Ex. 6, ¶¶ 14, 16, 18); (2) the information sought relates to a core claim, i.e., copyright infringement (Gharavi Decl., Ex. 6, ¶ 2, 5, 20); (3) the identifying information is directly and materially relevant to that claim, i.e., the identities of the infringers, which are necessary to bring copyright claims against them (Gharavi Decl., Ex. 6, ¶ 19); and (4) the information sought is unavailable from any other source, because the infringement occurred on X Corp.'s platform by X users for whom only X Corp. holds account information and identifying information (Gharavi Decl., Ex. 6, ¶ 19-20).

**Conclusion and Request**

For all the foregoing reasons, Requestor respectfully requests the issuance of the enclosed, proposed subpoena (Exhibit 5).

Dated: May 5, 2025

/s/ Nima Gharavi

Nima Gharavi

Requestor *Pro Se*